UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Abiodun Amoo, | § § § | |
| *Plaintiff,* | § § | |
| | § | Civil Action No. 4:23-cv-04692 |
| v. | § § | |
| Merrick Garland, *et al.*, | § § | |
| *Defendants.* | § § § | |

## MEMORANDUM AND RECOMMENDATION

In this immigration case, which was referred to the undersigned judge, Dkt. 6, Plaintiff Abiodun Ammo moves for default judgment against Defendants Merrick Garland, Sandy Heathman, Ricky Hamilton, Ur Jaddou, and Alejandro Mayorkas (collectively "the Government"). Dkt. 3. After carefully considering the motion and the applicable law, it is recommended that Amoo's motion for default judgment be denied.

## Background

On December 11, 2023, Amoo filed his original complaint, challenging the Government's adjudication of his application for adjustment of status. *See* Dkt. 1. Amoo moved for default judgment on February 26, 2024. Dkt. 3. In response, the Government made a limited appearance, asserting that Amoo

failed to effectuate proper service under Fed. R. Civ. P. 4. Dkt. 4.[1] Amoo's motion is ripe for review.

## Analysis

Amoo has not satisfied the threshold requirement for seeking entry of default judgment. "Until the plaintiff serves the defendant, the defendant has no duty to answer the complaint and the plaintiff cannot obtain a default judgment." *Rogers v. Hartford Life & Acc. Ins. Co.*, 167 F.3d 933, 937 (5th Cir. 1999). The record here does not reflect that defendants were properly served.

Although Amoo contends that a copy of the complaint was served on all defendants, *see* Dkt. 3 at 2, no proof of service was filed. Moreover, the Government disputes service, noting that Amoo failed to properly serve the United States Attorney's Office within 90 days of filing the complaint, as required under Federal Rules of Civil Procedure 4(i) and 4(m), Dkt. 4 at 1-3. The Government also notified Amoo that his service was defective on March 11, 2024. *See* Dkt. 4-1. Default judgment is therefore unavailable. *See Broad. Music, Inc. v. M.T.S. Enterprises, Inc.*, 811 F.2d 278, 282 (5th Cir. 1987) ("No person need defend an action nor suffer judgment against him unless he has been served with process and properly brought before the court.").

---

[1] Separately, the Government has filed a motion to dismiss Amoo's complaint for lack of proper service. Dkt. 5, 8. The Court will address this in a separate show cause order.

## Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff Abiodun Amoo's motion for entry of default (Dkt. 3) be **DENIED**.

**The parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.** *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).

The Clerk of Court will serve a copy of this Memorandum and Recommendation on all parties, including by email to Plaintiff and to the Government's counsel.

Signed on July 30, 2024, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge